## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| OUR ALCHEMY, LLC, | Case No. 16-11596 (KG) |
| Debtor. | |
| NU IMAGE, INC., | |
| Plaintiff, | |
| v. | Adv. No. 17-50477 (KG) |
| GEORGE L. MILLER, solely in his capacity as Chapter 7 Trustee of the Estate of Our Alchemy, LLC, | |
| Defendant. | **Re:  D.I. 11** |

## MEMORANDUM OPINION

The Court is ruling on the partial motion of George L. Miller (the "Trustee"), chapter 7 trustee of the Estate of Our Alchemy (the "Debtor"), to dismiss the Complaint (the "Motion to Dismiss") and the Trustee's request to extend his time to respond to the remaining counts and assert compulsory counterclaims [D.I. 11].  Nu Image, Inc. ("Nu Image") filed the Complaint in which it asserts, among other things, a claim against the Trustee for breach of his fiduciary duties to the Debtor in allegedly failing to promptly liquidate the Debtor's interest in agreements governing the distribution and delivery rights to certain films (the "Fiduciary Duties Claim").  *See* Complaint, First Claim for Relief.  The Trustee is seeking the dismissal of the Fiduciary Duties Claim.

## JURISDICTION

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.  The

proceeding is core under 28 U.S.C. § 157(b)(2)(A), (G), and (O).  Venue is proper pursuant

to 28 U.S.C. § 1409.

## BACKGROUND[1]

**A. The Agreements**

From 2001 to 2015, the Debtor and Nu Image entered into the Agreements relating

to the distribution of 163 Films owned by Nu Image.  Complaint ¶ 22.  The Agreements

were generally acquisition or licensing agreements.  *Id.*  The Agreements gave the Debtor

certain limited exploitation rights for domestic distribution of the Films.  *Id*. ¶ 23.

Under the Agreements, the Debtor would pay Nu Image a non-refundable upfront

payment (a "Minimum Guarantee") upon receiving the Film.  *Id.* ¶ 24.  The Debtor would

recoup the Minimum Guarantee from the proceeds of its exploitation of the Film.  *Id.*

Upon recoupment of the Minimum Guarantee, the parties would divide any further net

proceeds according to a previously agreed upon percentage.  *Id.*  According to Nu Image,

it was usually an equal split between the two parties.  *Id.*

The exploitation of the Films generally involves four sequential stages.  The Films

are released in movie theaters.  They are then sold for home use (i.e. through retail

---

[1]    The Court will accept as true all well-pleaded facts (but may disregard legal conclusions).  *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 201-11 (3d Cir. 2009).

establishments or through electronic sales or rentals). *Id.* at 25. Films are then licensed to a premium cable channel and/or a streaming service for an exclusive period. *Id.* In the final stage, the Films may be distributed to a television network or to a basic cable provider for broadcast on their respective channels. *Id.*

Under the Agreements, the Debtor acquired certain exclusive rights to exploit the Films across these four stages. Complaint ¶ 26. The Films are currently at different stages of this distribution process. *Id.* According to Nu Image, amounts relating to arrangements for the exploitation of the Films that occurred prior to the Petition Date continue to flow to the Debtor's estate and, pursuant to the Agreements, Nu Image's claim to all or a portion of those recoveries continues to grow. *Id.* Nu Image alleges that the Debtor owes it at least $2,132,208.79 on account of the Films already subject to exploitation arrangements with retailers and/or electronic streaming service providers. *Id.* ¶ 27. According to Nu Image, under some Agreements the Debtor's rights were never exploited, either by the Debtor or the Trustee. *Id.*

## B. The Bankruptcy Case

On July 1, 2016 (the "Petition Date"), the Debtor and its affiliate, Anderson Digital, LLC, filed voluntary petitions for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the Court. The Office of the United States Trustee appointed the Trustee. No. 16-11596, D.I. 72.

On October 7, 2016, Nu Image filed a notice of rejection [D.I. No. 267] (the "Nu Image Rejection Notice") alleging that certain agreements between the Debtor and Nu Image were executory contracts that were deemed rejected pursuant to section 365(d)(1) of the Bankruptcy Code.  The subject of these Agreements was the delivery and exploitation (or lack thereof) of the Films.  On October 13, 2016, the Trustee retained Focus Advisory Services LLC ("Focus"), as a consultant to assist the Trustee in identifying, managing and selling the Debtors' entertainment related assets.  *See* No. 16-11596, D.I. No. 281.

On October 14, 2016, Nu Image filed a proof of claim in the Debtor's bankruptcy case [Claim No. 172], asserting a claim in an amount not less than $2,132,208.79, relating to, *inter alia*, amounts owed by the Debtor on account of distribution payments the Debtor received from the exploitation of the Films of which Nu Image is contractually entitled to receive some or all.  According to Nu Image, the Trustee never sought permission to operate the Debtor's business, even on a limited basis so as to exploit the Films. Complaint. ¶ 31.

On December 28, 2016, Nu Image filed a Motion for an Order Granting Relief from the Automatic Stay to Allow for Termination of its Agreements with the Debtor [D.I. No. 364] (the "Nu Image Motion for Relief").  On January 16, 2017, the Trustee filed his objection to the Nu Image Motion for Relief [D.I. No. 368].  After a hearing, the Court

entered a Memorandum Order on March 31, 2017 [D.I. No. 404] (the "Memorandum Order") denying the Nu Image Motion for Relief.  Memorandum Order at ¶9.

On May 5, 2017, Nu Image filed its Complaint against the Trustee, "solely in his capacity as the chapter 7 trustee . . . of the estate of Our Alchemy."  No. 17-50477, D.I. 1.

## LEGAL STANDARD

Pursuant to Federal Rule 12(b)(6), made applicable by Bankruptcy Rule 7012(b),  a claim must be dismissed if it fails to state a claim upon which relief can be granted.  Under Federal Rule 8(a)(2), made applicable by Bankruptcy Rule 7008, a complaint fails unless it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Determining whether a complaint is plausible is a context-specific task.  *Iqbal*, 556 U.S. at 679 (2009).  In the Third Circuit, courts apply a two-part test:

> First, the factual and legal elements of a claim should be separated.  The [] Court  must accept all of the complaint's well-pleaded facts as true, but may disregard  any legal conclusions.  Second, a [] Court must then determine whether the facts  alleged in the complaint are sufficient to show that the plaintiff has a plausible  claim for relief.

*Fowler v. UPMC Shadyside*, 578 F.3d at 210-11.

## **DISCUSSION**

The Complaint alleges that the Trustee "failed to promptly liquidate the estate's interest in the Agreements in order for another party to exploit the distribution rights to the Films." Complaint ¶ 50. Nu Image contends that because the Trustee has not exploited the Debtors' distribution rights under the Agreements, he has allowed the value of the Agreements to depreciate. Nu Image asserts that time is of the essence with respect to the Agreements because as time goes on: "the less interest consumers retain to purchase or stream the Films. Less interest results in less value of the Films, and Nu Image's damages continue to accrue as a result." *Id.* Nu Image alleges that the Trustee breached his fiduciary duty by "(i) failing to exploit the Agreements, (ii) delaying the request for permission to sell the estate's interests and assets, (iii) letting the time to assume or reject the Agreements lapse, and (iv) establishing an utter indifference to the effect of his actions on the estate's creditors, particularly Nu Image." *Id.* ¶ 54.

The Complaint states that the claims are brought against the Trustee "solely in his capacity as the chapter 7 trustee . . . of the estate of Our Alchemy, LLC." Complaint, ¶ 1. Nu Image is suing the Trustee in his official capacity as the representative of the Debtor's estate. *See Quesada v. Banco Bilbao Vizcaya-P.R. (In re Elac Food Corp.)*, 226 B.R. 320, 323 (D.P.R. 1998) ("when a trustee is sued in his 'official capacity' it is really a suit against the estate"). Because the Trustee cannot be personally liable for any judgment obtained against him in this official capacity, any recovery by Nu Image would be payable only

out of the Debtor's assets.  *See Schechter v. Illinois (In r e Markos Gurnee P'ship)*, 182 B.R. 211, 215 (Bankr. N.D. Ill. 1995) (holding that because a trustee is liable only in his official capacity, he is not personally liable to judgment and thus any judgment is payable out of estate assets), *affd.*, 195 B.R. 380 (N.D. Ill. 1996).

Since Nu Image's claims seek recovery from the Debtor's estate, it is asserting a general claim.  In the Third Circuit individual creditors may not assert general claims because they belong to all creditors.  *PHP Liquidating, LLC v. Robbins (In re PHP Healthcare Corp.)*, 128 Fed. Appx. 839, 844-45 (3d Cir. 2005) (citations omitted).  A single creditor does not have standing to assert claims for breach of fiduciary duty against a trustee for damages alleged to have been caused to the creditor body at large.  *See Richardson v. Monaco (In re Summit Metals, Inc.)*, 477 B.R. 484, 502 (Bankr. D. Del. 2012) (holding a creditor lacks standing to bring waste of debtor assets and failing to investigate claims against chapter 7 trustee because the creditor lacks derivative standing); *In re Kraeger*, 1999 WL 342762, at *3 (Bankr. E.D. Pa. May 24, 1999).  In *Kraeger*, the bankruptcy court found that a creditor lacked standing to assert claims against the trustee because his claims were "generalized" and involved "alleged harm suffered by all creditors collectively rather than suffered by him personally."  *Kraeger*, 1999 WL 342762, at *3.

General claims asserted by one creditor on behalf of all estate creditors are derivative claims.  Nu Image lacks standing to bring a derivative claim.  *See Richardson*, 477 B.R. at 502 (holding that a creditor lacks standing to bring waste of debtor assets and

failing to investigate claims against chapter 7 trustee because the creditor lacks derivative standing). The Fiduciary Duties Claim is derivative. Nu Image claims that "creditors of the Debtor's estate, including Nu Image, have been harmed . . . ." and "Amounts would have been available for distribution to the Debtor's creditors . . . ." Complaint, ¶ 55. It does not allege in the First Claim that it suffered an injury distinct from the general creditor body. Creditors do not have standing to assert claims where they fail to allege "any injury suffered personally by [them] but has merely alleged an injury suffered generally by all creditors of the estate." *Kraeger*, 1999 WL 342762, at *5. In *Kraeger* an individual creditor alleged the chapter 7 trustee was negligent in his efforts to sell estate property. In that case, as here, the claimant was unable to show that the alleged injury was specific to that creditor. *Id.* Similar to *Kraeger*, the asserted damages resulting from the Trustee's alleged breaches were suffered by the Debtor's creditor body at large, not just Nu Image specifically. As stated in the Complaint:

> [A]s a result of the Trustee's breaches, creditors of the Debtor's estate, including Nu Image, have been harmed through unrealized profits to the estate that have since dissipated and continue to decline at a rapid pace. Amounts would have been available for distribution to the Debtor's creditors, but for the actions (or, more appropriately, inaction) of the Trustee.

Complaint ¶ 55.

Nu Image argues that this is not a general claim, and thus not derivative. Yet, while Nu Image alleges losses it individually incurred, the conduct complained of is the alleged breach of the Trustee's fiduciary duty to the Debtor's creditors. *See Kraeger*, 1999

WL 342762, at *3 -*5 (dismissing counts asserted by creditor that chapter 7 trustee was negligent in performing his duties because alleged injury suffered generally by all creditors of the estate). The First Claim of the Complaint continuously asserts that the Trustee failed to take action for the benefit of all the Debtor's creditors. *See e.g.*, Complaint ¶ 48 ("He refused to exploit the estate's distribution rights for the benefit of its creditors"). Here, Nu Image similarly asserts claims affecting the creditor body as a whole. The Complaint itself states that "Nu Image is entitled recover on account of such claim in its capacity as a creditor of the Debtor's estate." Complaint ¶ 55. Thus, it is clear that Nu Image is trying to recover for alleged damages to all creditors. Any recovery from the First Claim for Relief would benefit all creditors.

Further, in the Third Circuit, a creditor does not have standing to assert claims for damages alleged to have been caused to the creditor body at large without prior permission of the bankruptcy court. "Absent authorization by the bankruptcy court, the Trustee is the only party who can assert a claim for damages on behalf of the bankruptcy estate." *Richardson*, 477 B.R. at 502; *Sebastian v. Schmitz (In re WorldSpace, Inc.)*, 2016 WL 5339056, at *9 (D. Del. Sept. 22, 2016) ("In order to bring the alleged breach of Fiduciary Duty Counts on behalf of the Debtors' estates, Appellant was required to obtain permission from the Bankruptcy Court"). Here, Nu Image did not seek the Court's permission to bring a derivative claim.

## CONCLUSION

The Court will grant the Motion to Dismiss the Fiduciary Duties Claim.  The Court will further extend the deadline by which the Trustee must respond to all other counts of the Complaint to a date that is not less than 30 days after the date of the Order granting the Motion to Dismiss, i.e., August 17, 2017.  On the request to extend the date to assert any compulsory counterclaim to July 1, 2018, the Court will require the Trustee to assert compulsory counterclaims against Nu Image by August 17, 2017, in order to manage the adversary proceeding.

Dated:  July 17, 2017

_____
KEVIN GROSS, U.S.B.J.